UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIO ORTEGAS RAMOS,

                    Plaintiff,

        -against-

UNITED STATES BUREAU OF PRISONS, *et al.*,

                    Defendants.

21-CV-1050 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD
EXCESSIVE FORCE AND FORCED
MEDICATION CLAIMS

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants

violated his federal constitutional rights. By order dated June 21, 2021, the Court granted

Plaintiff's request to proceed *in forma pauperis* (IFP). For the reasons set forth below, the Court

dismisses the complaint, but grants Plaintiff leave to replead within sixty days of the date of this

order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Elio Ortega Ramos filed this action using the Court's civil rights complaint form.

His complaint is not a model of clarity. The Court nevertheless discerns that Plaintiff seeks to

assert claims regarding his federal and state convictions, as well as his subsequent incarcerations

in federal, city, and state facilities.

Plaintiff was arrested on March 8, 1994, and charged in the United States District Court

for the District of Vermont with conspiring to distribute cocaine in violation of 21 U.S.C.

§§ 841(a)(1) and 846. *United States v. Ramos*, 107 F.3d 5 (2d Cir. 1997). On August 8, 1995,

Plaintiff entered a guilty plea to the charge of conspiring to distribute cocaine in violation of

21 U.S.C. § 846, and he was sentenced to a term of imprisonment of 78 months, followed by a

term of supervised release of four years. *Id.* Plaintiff filed multiple motions to withdraw his plea, but that court denied those motions. *Id.*

On January 16, 1998, Plaintiff filed a motion under 28 U.S.C. § 2255 to vacate his conviction, and that motion was denied on the merits. *Ramos v. United States*, No. 98-CV-0015 (JGM) (JJN) (D. Vt. Aug. 14, 1998). The records of the Federal Bureau of Prisons reflect that Plaintiff was released from federal custody on March 3, 2000. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp.

According to the records of New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was later convicted of criminal sale of a controlled substance in the first degree and sentenced to a term of twelve years' imprisonment by the New York Supreme Court, New York County. *See* http://nysdoccslookup.doccs.ny.gov. DOCCS took custody of Plaintiff on January 31, 2014, and released him on parole on October 24, 2016. *Id.*

A review of the Public Access to Court Electronic Records (PACER) system reveals that Plaintiff filed a civil action in this court on January 31, 2018. On August 10, 2018, the Hon. Louis L. Stanton of this court (1) dismissed Plaintiff's claims against the United States Bureau of Prisons under the doctrine of sovereign immunity; (2) dismissed Plaintiff's claims against New York State and the "City Correctional Systems Parole and Health Department" under the Eleventh Amendment and because these Defendants are not "persons" under 42 U.S.C. § 1983; (3) denied his challenge to his conviction in the District of Vermont because he previously challenged the conviction and must therefore obtain authorization from the appropriate court of appeals to file such a challenge; and (4) dismissed without prejudice his claim that he was medicated against his will at the Manhattan Psychiatric Center because Plaintiff failed to amend his complaint after the Court granted repeated requests for extensions of time to comply with the

court's order.[1] *Ramos v. The United States Bureau of Prison et al*, No. 18-CV-0890 (LLS) (S.D.N.Y. Dec. 14, 2018).

In this complaint, Plaintiff alleges that, during the course his arrest, conviction, and incarceration for both the federal charges and state charges, Defendants committed the following:

1) Conspiracy to prejudice willfully and knowingly
2) Obstruction of justice
3) False pretense to defraud
4) Unlawful prosecution
5) Misleading through the whole proceeding
6) Malicious representation and prosecution
7) Violation of the United States Constitution Amendments 1st, 3rd, 4th, 5th, 6th, 7th, 8th, 13th & 14th
8) Deni[al] of due process both of the law & clause
9) mislead to a deceitful and unlawful plea
10) keeping me in limbo with the court decision by denied it.

(ECF No. 2 at 4.)

Plaintiff further alleges that Defendants "assaulted me or brutalized me several times in all those jails and prisons-penitensiaries [sic] to the point of fracturing my jaw, my right fourth tub [sic] and caused me lots of other physical damages." (*Id.* at 5.)

Plaintiff also attaches to the complaint a memorandum and an affidavit regarding Defendants' alleged violation of his constitutional rights. (*See* ECF No. 2-1; ECF No. 2-2.) Plaintiff's memorandum and affidavit are also unclear.

## DISCUSSION

Because Plaintiff asserts that Defendants violated his constitutional rights, his claims are construed as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff

---

[1] By order dated September 12, 2018, the court granted Plaintiff's request to extend his time to amend his complaint until November 10, 2018. On November 1, November 13, and December 10, 2018, Plaintiff wrote three more letters requesting further extensions of time. (18-CV-0890, ECF Nos. 21-23.) By order dated December 14, 2018, the court denied these requests and dismissed without prejudice Plaintiff's forced medication claim. (*Id.*, ECF No. 24.).

must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## A.    False Arrest and Malicious Prosecution Claims

Because Plaintiff was convicted and because he does not allege that the convictions were reversed, expunged, or otherwise declared invalid, the Court must dismiss Plaintiff's claims of false arrest and malicious prosecution. These claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

Because success on Plaintiff's claims would necessarily imply the invalidity of his convictions, and because Plaintiff has not alleged that his convictions were overturned or otherwise invalidated, *Heck*'s favorable termination rule bars these claims for money damages. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair

trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's claims of false arrest and malicious prosecution. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**B.      Challenge to District of Vermont Conviction**

Plaintiff seeks to challenge his criminal conviction in the District of Vermont, after the court denied such a challenge in the 2018 action that Plaintiff filed in this court. After advising Plaintiff that the proper vehicle to challenge the conviction would be a motion under 28 U.S.C. § 2255, the Hon. Louis L. Stanton of this court, in 2018, noted that because Plaintiff's § 2255 motion was previously denied on the merits by the District of Vermont, *see Ramos*, No. 98-CV-0015 (JGM) (JJN) (D. Vt. Aug. 14, 1998), any subsequent challenge would be second or successive under the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act, and Plaintiff must therefore obtain authorization to file the motion from the appropriate court of appeals. *Ramos*, No. 18-CV-0890 (LLS) (S.D.N.Y. Aug. 10, 2018) (order to amend) (citing 28 U.S.C. § 2244(b)(3)(A); § 2255(h); *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998)).

For the reasons stated in the court's 2018 order, this Court cannot consider Plaintiff's challenge to his criminal conviction in the District of Vermont.

**C.      Forced Medication Claims**

Plaintiff alleges that he had been medicated against his will by staff and doctors at Mid-Hudson Forensic Psychiatric Center, Bellevue Hospital, and Kirby Forensic Psychiatric Center, facilities located within the Southern District of New York. He also alleges that, since his release on parole in 2016, he has been forcibly medicated against his will by the doctors at Manhattan Psychiatric Center.

Plaintiff's allegations that he was forcibly medicated against his will while he was detained in Mid-Hudson Forensic Psychiatric Center, Bellevue Hospital, Kirby Forensic

Psychiatric Center, and Manhattan Psychiatric Center, are analyzed under the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment protects an inmate's "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs." *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). To state a claim arising from the forced administration of medication, a plaintiff must allege facts showing that he refused the medication before it was administered, *see Ambrose v. Dell*, No. 12-CV-6721, 2016 WL 894456, at *3 (S.D.N.Y. Mar. 8, 2016), and that the medicine was administered without court authorization or in the absence of an emergency situation, as required by New York State law. *See Spencer v. Bellevue Hosp.*, No. 11-CV-7149 (CM), 2012 WL 1267886, at *8 (S.D.N.Y. Apr. 12, 2012). The Second Circuit has held that the New York State statutory scheme governing involuntary medication meets "the minimum facial requirements of due process—both substantive and procedural." *Project Release v. Prevost*, 722 F.2d 960, 971 (2d Cir. 1983); *see also Rodriguez v. City of New York*, 72 F.3d 1051, 1062 (2d Cir. 1995) ("New York's overall statutory scheme governing involuntary commitments has been held facially sufficient to meet the requirements of due process.").

Plaintiff previously asserted the same forced medication claim against Manhattan Psychiatric Center in his 2018 action, but a significant number of pages in that complaint were illegible, and the legible allegations were insufficient to state a claim. Judge Stanton, in an abundance of caution, granted Plaintiff leave to amend his complaint with respect to the forced medication claim. Four months later, on December 14, 2018, Judge Stanton dismissed the complaint without prejudice because it was unclear, from the letters that Plaintiff filed in that action, when he would be able to comply with the Court's August 10, 2018 order. *Ramos*, No. 18-CV-0890 (LLS) (S.D.N.Y. Dec. 14, 2018). Plaintiff's attachment to his 2018 complaint

showing that, in October 2017, the New York Supreme Court authorized the administration of medication belies any assertion that he was medicated without due process when he was detained in Manhattan Psychiatric Center. (18-CV-0890, ECF No. 3 at 2.) The Court therefore dismisses Plaintiff's claim that he was medicated against his will at Manhattan Psychiatric Center.

To the extent that Plaintiff asserts that he was forcibly medicated against his will by staff and doctors at Mid-Hudson Forensic Psychiatric Center, Bellevue Hospital, and Kirby Forensic Psychiatric Center, the Court, in an abundance of caution, grants Plaintiff leave to amend his complaint to detail those claims. Plaintiff should specify whether he was medicated without authorization from the court or in the absence of an emergency. Because Plaintiff does not provide the dates of incidents for the claims he seeks to raise, it is also unclear whether these claims are timely. In his amended complaint, Plaintiff should specify the dates when the events giving rise to his claims occurred.

The statute of limitations for section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

If any of the claims that Plaintiff seeks to raise occurred more than three years before February 4, 2021, the date Plaintiff's complaint was filed with the Court, Plaintiff should also state facts showing that equitable tolling should be applied in this case. *See In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (noting that the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in

order 'to prevent inequity'"). The statute of limitations may be equitably tolled, for example,

when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of

action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of

limitations has expired. *See Pearl*, 296 F.3d at 82-83.

**D.     Excessive Force Claims and Statute of Limitations**

Plaintiff alleges that he was "assaulted and brutalized" while he was incarcerated, but he

fails to indicate when and where he was in custody when the alleged assaults occurred. To the

extent that the events giving rise to Plaintiff's excessive force claims occurred when he was in

custody in the Rutland County Jail, located in Vermont, or in Allenwood Low Federal

Correctional Institution, located in Pennsylvania, venue for these claims is not appropriate in this

Court. Rutland County Jail is located in the District of Vermont, and Allenwood Low Federal

Correctional Institution in the Middle District of Pennsylvania. *See* 28 U.S.C. §§ 118(b), 126.

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred . . . ;
> or (3) if there is no district in which an action may otherwise be brought as
> provided in this section, any judicial district in which any defendant is subject to
> the court' s personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. 28 U.S.C. § 1391(c)(1). And "an entity with the capacity to sue and be sued

in its common name under applicable law, whether or not incorporated, shall be deemed to

reside, if a defendant, in any judicial district in which such defendant is subject to the court's

personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

If an action is filed in the wrong district court, the court "shall dismiss, or if it be in the

interest of justice, transfer such case to any district or division in which it could have been

brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with district courts to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. *See Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Because Plaintiff's allegations are insufficient, and the timeliness of the claims is questionable, the Court declines to transfer these claims.

To the extent that Plaintiff asserts excessive force claims arising from his detention and incarceration in the Manhattan Detention Complex, Rikers Island, or in the Green Haven Correctional Facility (ECF No. 2 at 3), which are located in this district, the Court grants Plaintiff leave to amend his complaint to detail those claims. Because Plaintiff does not provide the dates of incidents for these claims, it is also unclear whether these claims are timely. In his amended complaint, Plaintiff should specify the dates when the events giving rise to his claims occurred. Plaintiff must also address the timeliness of his excessive force claims and, if the excessive force claims occurred more than three years before February 4, 2021, he must also include facts demonstrating why equitable tolling applies to these claims.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Second Circuit precedent is clear that "[a] pro se complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)).

Because Plaintiff is proceeding *pro se*, and it is not clear that granting leave to replead would be futile, the Court grants Plaintiff sixty days' leave to replead **solely** with respect to (1) any excessive force claims that arose while he was detained or incarcerated in the Manhattan Detention Complex, Rikers Island, or in the Green Haven Correctional Facility and (2) any forced medication claims against Mid-Hudson Forensic Psychiatric Center, Bellevue Hospital, and Kirby Forensic Psychiatric Center. Specifically, Plaintiff should detail (1) his excessive force claims to include information regarding when and where the events giving rise to his claims occurred, and (2) his forced medication claims to include information regarding whether a court authorized his medication or whether he was medicated in the absence of an emergency. Plaintiff must also address the timeliness of these claims, as explained above. Plaintiff must name as Defendants the individuals involved and detail what each individual did or failed to do that violated his rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2] The naming of "John Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each

---

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's false arrest and malicious prosecution claims, and his claims that he was medicated against his will at Manhattan Psychiatric Center. The Court, however, grants Plaintiff leave to file an amended complaint, **solely** with respect to his excessive force claims that occurred in the Manhattan Detention Complex, Rikers Island, or in the Green Haven Correctional Facility and with respect to his claim that he was medicated against his will at Mid-Hudson Forensic Psychiatric Center, Bellevue Hospital, and Kirby Forensic Psychiatric Center, that complies with the standards set forth above. Because Plaintiff has previously

challenged his District of Vermont conviction, he must obtain authorization to challenge that conviction from the appropriate court of appeals.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-1050 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 26, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                         State              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____