UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIO ORTEGAS RAMOS,

                Plaintiff,

-against-

UNITED STATES BUREAU OF PRISONS, *et al.*,

                Defendants.

21-CV-1050 (LTS)

ORDER GRANTING
EXTENSION OF TIME

LAURA TAYLOR SWAIN, Chief United States District Judge:

        By order dated July 26, 2021, the Court dismissed Plaintiff's false arrest and malicious prosecution claims, and his claims that he was medicated against his will at Manhattan Psychiatric Center, but granted Plaintiff sixty days' leave to file an amended complaint **solely** with respect to his excessive force claims that occurred in the Manhattan Detention Complex, Rikers Island, or in the Green Haven Correctional Facility, and with respect to his claim that he was medicated against his will at Mid-Hudson Forensic Psychiatric Center, Bellevue Hospital, and Kirby Forensic Psychiatric Center. (ECF No. 5.) On September 9, September 17, and September 24, 2021 (ECF Nos. 9-11), Plaintiff filed letters that are not the model of clarity and fail to address the Court's July 26, 2021 order. These letters may, however, be construed as requests for additional time to comply with the Court's order.

        As noted in the Court's July 26, 2021 order, Plaintiff filed a civil action in this court on January 31, 2018, and in that action, the Hon. Louis L. Stanton of this court (1) dismissed Plaintiff's claims against the United States Bureau of Prisons under the doctrine of sovereign immunity; (2) dismissed Plaintiff's claims against New York State and the "City Correctional Systems Parole and Health Department" under the Eleventh Amendment and because these defendants are not "persons" under 42 U.S.C. § 1983; (3) denied his challenge to his conviction in the District of Vermont because he previously challenged that conviction and must therefore

obtain authorization from the appropriate court of appeals to file such a challenge; and (4) dismissed without prejudice his claim that he was medicated against his will at the Manhattan Psychiatric Center because Plaintiff failed to amend his complaint after Judge Stanton granted repeated requests for extensions of time to comply with the court's order.[1] *Ramos v. The United States Bureau of Prison et al*, No. 18-CV-0890 (LLS) (S.D.N.Y. Dec. 14, 2018).

The Court is doubtful that Plaintiff can cure the deficiencies in this complaint, but in an abundance of caution, the Court grants Plaintiff an additional thirty days' leave to comply with the Court's July 26, 2021 order. The Court strongly encourages Plaintiff to limit the amended complaint to 20 pages and to bear in mind the legal principles explained in the Court's July 26, 2021 order when preparing the amended complaint.

The Court reminds Plaintiff that he must provide a short and plain statement of the relevant facts supporting each claim against each named defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[1] By order dated September 12, 2018, the court granted Plaintiff's request to extend his time to amend his complaint until November 10, 2018. On November 1, November 13, and December 10, 2018, Plaintiff wrote three more letters requesting further extensions of time. (18-CV-0890, ECF Nos. 21-23.) By order dated December 14, 2018, the court denied these requests and dismissed without prejudice Plaintiff's forced medication claim. (*Id.*, ECF No. 24.).

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[2]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted thirty days' leave from the date of this order to file an amended complaint that complies with the Court's July 26, 2021 order.

Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-1050 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[2] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available **only** by telephone.

The Clerk of court is directed to mail a copy of this order and the Court's July 26, 2021 order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 26, 2022
           New York, New York

                                                  /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                                  Chief United States District Judge

# Notice For Pro Se Litigants



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call **212-659-6190** and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

