UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIO ORTEGAS RAMOS,<br><br>     Plaintiff,<br><br>  -against-<br><br>UNITED STATES BUREAU OF PRISONS, *et al.*,<br><br>     Defendants. | 21-CV-1050 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated July 26, 2021, the Court dismissed Plaintiff's false arrest and malicious prosecution claims, and his claims that he was medicated against his will at Manhattan Psychiatric Center, but granted Plaintiff sixty days' leave to file an amended complaint **solely** with respect to his excessive force claims that occurred in the Manhattan Detention Complex, Rikers Island, or in the Green Haven Correctional Facility, and with respect to his claims that he was medicated against his will at Mid-Hudson Forensic Psychiatric Center, Bellevue Hospital, and Kirby Forensic Psychiatric Center. (ECF No. 5.)

On September 9, September 17, and September 24, 2021 (ECF Nos. 9-11), Plaintiff filed letters that were not the model of clarity and failed to address the Court's July 26, 2021, order. By order dated January 26, 2022, the Court, although doubtful that Plaintiff could cure the deficiencies in his original filing, construed Plaintiff's letters as requests for additional time to comply with the Court's July 26, 2021, order and granted Plaintiff an additional thirty days to file an amended complaint. (ECF No. 12.) On February 2, and February 23, 2022 (ECF Nos. 13, 14), Plaintiff filed two additional letters that, much like his previous filings in this case, are not the model of clarity and also fail to comply with the Court's July 26, 2021, order. Plaintiff has not filed an amended complaint, and it remains unclear when, if ever, Plaintiff would be able to

comply with the Court's order.[1] Accordingly, the complaint, filed *in forma pauperis* (IFP) under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 7, 2022
            New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

---

[1] As noted in the Court's July 26, 2021, and January 26, 2022, orders, Plaintiff filed a civil action in this court on January 31, 2018, and in that action, the Hon. Louis L. Stanton of this court (1) dismissed Plaintiff's claims against the United States Bureau of Prisons under the doctrine of sovereign immunity; (2) dismissed Plaintiff's claims against New York State and the "City Correctional Systems Parole and Health Department" under the Eleventh Amendment and because these defendants are not "persons" under 42 U.S.C. § 1983; (3) denied his challenge to his conviction in the District of Vermont because he previously challenged that conviction and must therefore obtain authorization from the appropriate court of appeals to file such a challenge; and (4) dismissed without prejudice his claim that he was medicated against his will at the Manhattan Psychiatric Center because Plaintiff failed to amend his complaint after Judge Stanton granted repeated requests for extensions of time to comply with the court's order. *Ramos v. The United States Bureau of Prison et al*, No. 18-CV-0890 (LLS) (S.D.N.Y. Dec. 14, 2018).